# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHAWN R. BOLES,

        Petitioner,      :      Case No. 3:17-cv-137

  - vs -                             District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

EDWARD SHELDON, Warden,
 Mansfield Correctional Institution,

                                    :

        Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Proceedings. Upon initial review, it appeared to the Magistrate Judge that the Petition was barred by the statute of limitations, 28 U.S.C. § 2244(d). That statute requires that a petition for habeas corpus be filed within one year of the time a conviction becomes final on direct appeal. Because it appeared that the Petition was untimely, the Magistrate Judge ordered Petitioner to show cause why his Petition was not time-barred. Petitioner has filed a timely response (ECF No. 6).

Mr. Boles first refers this Court to *State v. Boles*, 2003-Ohio-2693, 2003 Ohio App. LEXIS 2448 (2nd Dist. May 23, 2003). In that decision the appellate court upheld Boles' conviction for rape of his twelve-year-old daughter and firing shots into the house to which she fled after the rape, but vacated convictions on other charges for violation of the Ohio Speedy Trial Act, Ohio Revised Code § 2945.71. At the conclusion of its decision, the court wrote:

> **[*P32]** The judgment of the trial court will be reversed. Boles' plea of no contest, the findings of guilty, and the sentence will be vacated, and this matter will be remanded to the trial court for further proceedings consistent with this opinion. On remand, Boles will be required to decide whether to proceed to trial on the charges of rape and improperly discharging a firearm at or into a habitation or to dispose of the charges by pleas of guilty or no contest.

On remand Boles sought to have the rape and firearms charges severed for trial. After initially declining to do so, the trial judge severed the charges on the morning of trial because genetic testing regarding the rape charge was not complete. *State v. Boles*, 2005-Ohio-4490, ¶ 5, 2005 Ohio App. LEXIS 4068 (2nd Dist. Aug. 19, 2005). Boles was convicted by a jury on the firearms charge and sentenced to seven years imprisonment. *Id.* The conviction was affirmed on appeal. *Id.*

Mr. Boles was again before the Second District in 2007 when that court affirmed denial of his petition for post-conviction relief from the firearms conviction. *State v. Boles*, 2007-Ohio-6582, 2007 Ohio App. LEXIS 5758 (2nd Dist. Dec. 7, 2007).

Boles was eventually convicted on the rape charge and sentenced to ten years imprisonment, consecutive to the firearms sentence. That conviction was affirmed on direct appeal. *State v. Boles*, 187 Ohio App. 3d 345 (2nd Dist. Jan. 29, 2010), appellate jurisdiction declined, 125 Ohio St. 3d 1448 (2010).

Boles was again before the Second District in 2011, appealing from the rape conviction on the principal ground that the charge should have been dismissed because the State destroyed the rape kit. The appellate court affirmed and remanded for the filing of a judgment entry conforming to the verdict. *State v. Boles*, 2011-Ohio-3720, 2011 Ohio App. LRXIS 3153 (2nd

Dist. July 25, 2011), appellate jurisdiction declined, 130 Ohio St. 3d 1477 (2011). The remand was the result of the appellate court's sustaining in part the Third Assignment of Error. The court found that the sentencing entry incorrectly recited that Boles had been convicted of rape of a child under thirteen with use of force and the force specification had been previously dismissed. It concluded the error could be corrected with an amended judgment entry, without a new trial or new sentencing hearing. *Id.* at ¶¶ 31-39.

Boles was next before the court of appeals in 2013 on appeal from denial of a post-conviction petition in which he had sought jail time credit and complained of his classification as a sexually-oriented offender. The court affirmed. *State v. Boles*, 2013-Ohio-3376, 2013 Ohio App. LEXIS 3453 (2nd Dist. Aug. 2, 2013), appellate jurisdiction declined, 137 Ohio St. 3d 1442 (2013).

In his Response to the Order to Show Cause, Mr. Boles claims the benefit of 28 U.S.C. § 2244(d)(2) which tolls the statute of limitations during the pendency of any properly filed collateral attack on the judgment. However, the last collateral attack of which the Magistrate Judge finds evidence in the LEXIS database is the post-conviction proceeding which ended December 24, 2013, when the Ohio Supreme Court declined to hear an appeal. Boles lists titles of other documents, but does not attach them. The last entry on the Common Pleas docket for Case No. 2000 CR 1576 is a notation of a Decision and Entry December 17, 2014, denying a motion filed June 23, 2014. Assuming for sake of argument that Mr. Boles had some collateral attack pending between the original date of judgment and December 17, 2014, more than two years expired between then and his filing in this Court.

Boles calls the Court's attention to a case pending in the Ohio Supreme Court, State v.

3

Boles, Case No. 17-0557, which he says is a habeas corpus action (Response, ECF No. 6, PageID 76), but which is in fact his Motion (on April 24, 2017) for leave to file a delayed appeal from the decision of the Second District on January 13, 2017, on a motion he filed in that court to have Montgomery County Common Pleas Judge Barbara Gorman held in contempt, a motion filed August 11, 2016.

Boles has furnished a copy of the appellate court decision of that contempt motion. *State v. Boles*, Case No. 18762 (2nd Dist. Jan. 13, 2017)(unreported; copy at ECF No. 6, PageID 78-84). The court of appeals denied the sought contempt finding, but also found there were unresolved counts in the indictment and instructed the parties to file their input on how best to resolve those issues within twenty days. *Id.* at PageID 84. According to the docket of the Second District in Case No. CA 18762, Mr. Boles responded that the only way to resolve the matter was to dismiss all charges against him. That docket shows the Second District has taken no further action and Boles appealed to the Ohio Supreme Court on May 1, 2017.

So far as the Magistrate Judge is aware, neither the Sixth Circuit nor the Ohio appellate courts have ever held that a proceeding to hold a trial judge in contempt is an appropriate collateral attack on a judgment. Nevertheless, assuming that it is, the Motion to hold Judge Gorman in contempt was not filed until August 11, 2016, more than a year after December 17, 2014. Thus Mr. Boles has not shown he has had a properly filed collateral attack pending so as to toll the statute of limitations.

Boles argues that Judge Gorman's failure to carry out the Second District's judgment in Case No. 18762 "renders all judgments, thereafter, void *ab initio* in direct violation of his Constitutional Rights. . . ." (ECF No. 6.) He cites no authority for that proposition. Boles is not

4

confined on any of the charges not yet formally dismissed and this Court does not have authority in a habeas corpus case to deal with state court charges which have not resulted in custody. The argument that the trial court lost jurisdiction to proceed on the undismissed charges is one that Boles could have raised on direct appeal of the rape conviction, but did not.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 12, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters

occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).